IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02146-WJM-KLM

SARA OWENS,

       Plaintiff,

v.

BANNER HEALTH,

       Defendant.

## [~~PROPOSED~~] PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

    1.    When used in this Order,

        (a)    "Document" means all written, recorded or graphic matter whatsoever, and copies thereof, including but not limited to, interrogatory answers, requests for admissions and responses thereto, documents produced by any party to this action, deposition transcripts and exhibits, and any portion of any court papers which quote or reveal information contained in any of the foregoing. Document shall also refer to testimony from a witness in a deposition or court proceeding.

        (b)    "Provide" means to furnish or deliver a document (including by giving testimony resulting in a transcript) or produce it for inspection or review to any other person or persons, whether voluntarily or involuntarily, whether pursuant to

request, interrogatory or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(c) "Confidential Information" means any document containing confidential information and designated as confidential in accordance with the terms of this Order. The parties agree that there will be no designation of documents as confidential unless they actually contain information recognized as being privileged or subject to privacy protections. The categories of information protected under this Order are: private personnel information for the Plaintiff and any other employee or former employee of Defendant, financial and/or medical information of Plaintiff, information that pertains to patient information or patient care information including statistics or other such information, or financial, business proprietary or trade secret information of Defendant. Any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection.

2. No party shall provide or disclose the content of any Document designated "Confidential" pursuant to this Order except as provided herein.

3. Whenever a producing party provides any document to any party to this action which is entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c), the producing party may designate the document as Confidential Information. The producing party shall stamp "Confidential" on each document that it believes contains Confidential Information. Any party who receives documents reflecting medical or mental health records, whether produced as a result of a signed release or a subpoena duces tecum, will designate the document as Confidential Information and stamp "Confidential" on each such document.

4. Confidential Information shall be used solely for the purpose of the above-styled litigation and not in connection with any other action, including any action arising out of the same underlying circumstances, and shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than:

    (a) Attorneys of record in this litigation and their support staff. This term does include inside counsel of a party working directly on this litigation and employees of such counsel and any insurer and its staff, or

    (b) The parties to this action, or their spouses, or

    (c) Any other person whose testimony is noticed to be taken in this litigation, except that such a person may only be shown Confidential Information during his or her testimony and only after being advised by counsel of this Order, its meaning and purpose, or

    (d) Court reporters and their staff, or

    (e) Staff of the counsel of record as well as consultants, participants in focus groups and/or jury projects, and experts (both testifying and non-testifying) so long as these individuals are working directly with the attorneys of record or their staff, or

    (f) The Court and its staff, or

    (g) Other persons by written agreement of the parties.

5. Before discovering counsel may provide Confidential Information to any person described in subparagraphs 4(b), 4(c), 4(d), and 4(e), the person who is to receive the material shall read a copy of this Order, and shall evidence agreement to be bound by the terms, conditions, and restrictions of this Order by signing the form attached as Exhibit A (the "Agreement") to this Order.

6. Nothing contained herein shall impose any restriction on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in this litigation.

7. If a witness at a deposition refuses to sign an Agreement as required by paragraph 5, discovering counsel may show Confidential Information to the witness, and examine the witness concerning the same, provided that neither the witness nor his counsel, if any, may retain or be furnished with any copy of the confidential material, including, but not limited to, a copy of any or all pages of the transcript of the deposition or any exhibits that are designated confidential. If the witness refuses to sign an Agreement as required by paragraph 5 as to the deposition transcript or exhibits that disclosed confidential material, the inspection and signature provisions of Fed. R. Civ. P. 30(e) shall be satisfied 30 days after the reporter gives the witness written notice that the transcript has been prepared and that the witness may inspect the transcript and its exhibits in the reporter's office.

8. It shall be the responsibility of the counsel providing Confidential Information to any person described in subparagraph 4(b), 4(c), 4(d), and 4(e) to preserve and keep in a separate file all executed Agreements until the end of one year following the final termination of this action. Such Agreements shall be available for inspection and copying only upon good cause shown and upon order of the Court.

9. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, summarizing, excerpting, or otherwise embodying Confidential Information, the party is _not_ required to file under seal. The parties shall give five (5) days' notice of the intent to file a document containing Confidential Information. It will be the responsibility of the party desiring a document to be filed under seal to make such a request. If any other party objects, the parties shall

meet and confer and attempt to reach a resolution through redaction or other means. If the parties cannot reach a resolution, they agree to call the Court and allow the Court to decide in its discretion whether the document may be publicly-filed.

10. Prior to the use of any Confidential Information at any pretrial hearing in this litigation, discovering counsel shall take reasonable steps to afford counsel for the producing party the opportunity to object to disclosure of Confidential Information in open court.

11. Any party at any time may object in writing to the designation of any material as Confidential Information. Within ten (10) days from such objection, the party to whom it is addressed must reply in writing. Upon a failure to reach agreement the party designating the material as confidential may ~~file and serve~~ make a motion pursuant to MJ Mix's discovery proceeding ~~upon the parties hereto, and any other person entitled to notice under applicable law~~, for an order establishing the confidentiality of the document, upon good cause shown. Such motion must be ~~filed~~ made within twenty (20) days after the time the notice of objection is received. If the designating party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information. Pending Court order, the proscription of this Order shall remain in effect. The designation of any document as confidential shall not create any presumption that the documents so designated are confidential; and shall not shift the burden of establishing entitlement to confidential treatment. The provisions contained herein shall not apply to any document designated as confidential at the time it is made available as to which it is subsequently (i) agreed in writing by the producing party not to be deemed confidential; or (ii) ruled by the Court not to be confidential.

12. No person generally identified in paragraph 4 who received Confidential Information as a result of pretrial discovery shall copy or otherwise use the document or

5

information for any purpose whatsoever, except in connection with pretrial proceedings, the preparation for trial, or other proceedings in connection with this litigation. This Order does not prevent disclosure of information obtained from any source other than materials containing Confidential Information.

13. At the conclusion of all proceedings in this litigation, all documents governed by the terms of this order and all copies of the documents shall be destroyed by shredding all documents by any person or party who has obtained a copy of same.

14. Counsel shall notify their respective clients and any client employees involved in the litigation of the entry of this Order and shall personally emphasize to such persons the restrictions of this Order and the possible liability to third persons for violation of this Order.

15. The inadvertent or unintentional disclosure by the producing party of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the information disclosed or as to any other information relating thereto or on the same or related subject matter.

16. The parties agree that medical documents (including medical records, notes, logs, charts, requests for medical leave, etc.) and information, even if patient identifying information is redacted, including any medical information provided in responses to interrogatories, shall be presumptively treated as Confidential Information.

17. This Order shall in no way affect or impair the right of any party or person *seek to* to compel discovery *pursuant to MJ Mix's discovery procedures* or to seek additional, or different protection for certain material, or to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order. *KLM*

18. This Order shall govern the pretrial proceedings in this case. Prior to trial, any party may request that the Court enter a further order governing the treatment of Confidential Information at trial.

19. Upon entry by the Court this Order shall be effective immediately and will survive and remain in full force and effect after the termination of these actions.

20. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 2nd day of April, 2015.

United States District Judge Magistrate

## EXHIBIT A

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the above-captioned case, that he or she understands the terms thereof, that, in particular, he or she has read paragraph 12 thereof, that he or she comprehends that liability to third parties might result from unauthorized disclosure or use of confidential information, and agrees to be bound by the provision of such Order.

DATED:_____.

_____